IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLEMENTINA TORRES, Individually, and
as Personal Representative of the
Estate of ALFREDO CABALLERO,

    Plaintiff,

vs.                                                                    Civ. No. 12-474 JP/SMV

JAMES R. COON, Individually and in his
Official Capacity as Chaves County Sheriff;
CHAVES COUNTY, a subdivision of the State
of New Mexico; NEW MEXICO PSYCHIATRIC
SERVICES, CORP.; JOHN DOES 1-10,

    Defendants.

MEMORANDUM OPINION AND ORDER

Plaintiff moves to amend her COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS, WRONGFUL DEATH, MEDICAL MALPRACTICE, NEGLIGENT TRAINING AND SUPERVISION, LOSS OF CONSORTITUM, AND PUNITIVE DAMAGES (Doc. No. 1) (Complaint), filed May 3, 2012, to add a cause of action against Dr. Babik Mirin[1] for medical malpractice, negligence, and for recovery under the doctrine of *respondeat superior*. *See* MOTION TO AMEND COMPLAINT (Doc. No. 72) (Motion to Amend), filed May 24, 2013; Ex. A, AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS, WRONGFUL DEATH, MEDICAL MALPRACTICE, NEGLIGENT TRAINING AND SUPERVISION, LOSS OF CONSORTITUM, AND PUNITIVE DAMAGES (Doc. No. 72-1) (Amended Complaint) at ¶¶ 92-99 (attached to Motion

---

[1] Apparently, there is another doctor who practices medicine in Chaves County whose name is Reza Mirin. All references to "Dr. Mirin" in this MEMORANDUM OPINION AND ORDER are to Dr. Babik Mirin.

to Amend).[2] Defendant New Mexico Psychiatric Services Corp. (NMPSC) opposes the Motion to Amend, *see* RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT (Doc. No. 74) (NMPSC's Response), filed May 31, 2013, while Defendants James R. Coon and Chaves County only object to Plaintiff's statement in the Motion to Amend that Dr. Mirin is an agent of Chaves County, *see* RESPONSE BY DEFENDANTS COON AND CHAVES COUNTY TO PLAINTIFFS' [sic] MOTION TO AMEND COMPLAINT [DOC. 72] (Doc. No. 73), filed May 31, 2013.  Plaintiff did not file a reply brief.

A. Background

    *1. The Complaint*

This case concerns the alleged failure by Defendants to provide Alfredo Caballero with adequate medical care while he was incarcerated at the Chavez County Detention Center (CCDC) from August 20, 2011 to August 23, 2011.  Plaintiff, Mr. Caballero's mother and the personal representative of the estate of Mr. Caballero, claims that the lack of adequate medical care caused Mr. Caballero's death at the CCDC on August 23, 2011.  Mr. Caballero's cause of death was allegedly opiate withdrawal.  Other than generally referring to the actions of CCDC staff and NMPSC staff, Plaintiff specifically names Mandy Berg, an NMPSC employee and the on duty Emergency Medical Technician, as the person who failed to adequately care for Mr. Cabellero approximately two hours before his death.

Plaintiff brings several causes of action against Coon, Chaves County, and NMPSC including 42 U.S.C. § 1983 claims based on violations of the Eighth and Fourteenth Amendments, a New Mexico Wrongful Death Act claim, state tort claims based on negligent

---

[2] Although the Amended Complaint at 18 describes the cause of action against Dr. Mirin as one for "MEDICAL MALPRACTICE, NEGLIGENCE AND *RESPONDEAT SUPERIOR*," oddly, Plaintiff indicates in the Motion to Amend at ¶1 that she "seek[s] to add a single claim for medical malpractice against Defendant Dr. Babik Mirin in his individual capacity."

training and supervision, a state loss of consortium claim, claims under the New Mexico State Constitution, and a claim based on *res ipsa loquitur*. Plaintiff also brings state claims against NMPSC for medical malpractice, negligence, and for recovery under the doctrine of *respondeat superior*.

Plaintiff now wants to amend the Complaint to add Dr. Mirin as a Defendant. Plaintiff alleges that Mr. Caballero reported to NMPSC staff on August 20, 2011 that he was a patient of Dr. Mirin. Amended Complaint at ¶ 14. Plaintiff also alleges that Dr. Mirin is the chief executive officer of NMPSC and that he is responsible for contracting with the CCDC and establishing policies and "customs." *Id*. at ¶¶ 93-96. Plaintiff further maintains that

> [d]uring the period that medical personnel Mandy Berg was employed, Dr. Babik Mirin had her involuntarily committed for Bipolar disorder and depression. Following this involuntary commitment, she was medicated by staff of New Mexico Psychiatric Services Corp., taken from supplies located at Chaves County Detention Center, and left unsupervised. In all this, Dr. Babik Mirin was responsible.

*Id*. at ¶ 99. Plaintiff seeks the Court's leave to sue Dr. Mirin for medical malpractice, negligence, and for recovery under the doctrine of *respondeat superior*.

*2. Procedural History Relevant to the Motion to Amend*

On September 6, 2012, the Honorable United States Magistrate Judge Stephan M. Vidmar entered a SCHEDULING ORDER (Doc. No. 24) which stated that Plaintiff had until October 12, 2012 to amend the Complaint and to add parties. On January 9, 2013, Judge Vidmar entered an order modifying the SCHEDULING ORDER, in part, by allowing Plaintiff until January 30, 2013 to amend the Complaint and to join parties. ORDER GRANTING MOTION TO EXTEND CERTAIN DEADLINES (Doc. No. 53). After Plaintiff's January 30, 2013 deadline to amend the Complaint and to add parties passed, the parties filed on February 4, 2013 a JOINT MOTION TO STAY DISCOVERY AND VACATE CURRENT CASE

MANAGEMENT DEADLINES (Doc. No. 61).  Judge Vidmar granted that motion on February 5, 2013, but he did not set new deadlines for amending pleadings.  *See* ORDER GRANTING JOINT MOTION TO STAY DISCOVERY (Doc. No. 62).

On April 25, 2013, the parties filed a joint MOTION TO VACATE TRIAL SETTING, PRETRIAL CONFERENCE, AND CURRENT CASE MANAGEMENT DEADLINES (Doc. No. 66).  On May 16, 2013, Judge Vidmar held a telephonic scheduling conference in which he discussed extending the discovery deadline until November 12, 2013 and addressed Plaintiff's counsel's request to file an amended complaint adding Dr. Mirin as a defendant.  Clerk's Minutes (Doc. No. 69).  Counsel for NMPSC objected to the request to file an amended complaint because the deadline for amending the Complaint and for adding parties had passed.  *Id*.  Judge Vidmar agreed that the deadline for amending the Complaint and for adding parties had passed, but he noted that the Court could extend the deadline for amending pleadings for good cause.  *Id*. Consequently, Judge Vidmar set forth the following schedule for briefing Plaintiff's request to amend the Complaint: Plaintiff had until May 24, 2013 to file her Motion to Amend; Defendants had until May 31, 2013 to file response briefs; and Plaintiff had until June 7, 2013 to file a reply brief.  *Id*.

On May 17, 2013, Judge Vidmar entered a new SCHEDULING ORDER (Doc. No. 70) which did not include a deadline for Plaintiff to amend the Complaint and to join new parties.  On May 22, 2013, the Court vacated and reset the pretrial conference and trial dates.  AMENDED NOTICE OF PRETRIAL CONFERENCE AND TRIAL (Doc. No. 71).  Plaintiff then filed her Motion to Amend on May 24, 2013; Defendants filed their response briefs on May 31, 2013; and Plaintiff chose not to file a reply brief.

*C. Discussion*

     Fed. R. Civ. P. 15(a)(2) governs motions to amend pleadings when the time for amending pleadings as a matter of course has expired, as in this case. Fed. R. Civ. P. 16(b)(4), on the other hand, governs motions to modify scheduling orders to extend deadlines like the deadline for amending pleadings. *Gerald v. Locksley*, 849 F.Supp.2d 1190, 1208 (D.N.M. 2011) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)). "When a scheduling order governs the pace of the case, … amending the complaint after the deadline for such amendments implicitly requires an amendment to the scheduling order, and rule 16(b)(4) governs changes to the scheduling order." *Id*. (citing *Bylin*, 568 F.3d at 1231). That is the case here because (1) Judge Vidmar entered scheduling orders to govern the pace of this case; (2) Judge Vidmar modified the first SCHEDULING ORDER to set a January 30, 2013 deadline for Plaintiff to amend the Complaint and to join parties; and (3) Plaintiff seeks to amend the Complaint after that January 30, 2013 deadline. If a plaintiff first convinces the Court that the deadline for amending pleadings should be extended under Rule 16(b)(4), only then does the Court decide whether to grant the Motion to Amend under Rule 15(a)(2). *See, e.g., Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.), *aff'd by* 129 F.3d 116 (4th Cir. 1997)) (where a motion to amend pleadings is filed after the scheduling order's deadline for amending pleadings, courts should use a "two-step analysis" in which the court first analyzes if the deadline for amending pleadings should be extended under Rule 16(b)(4), and if the moving party satisfies

Rule 16(b)(4), then the court analyzes the motion to amend under Rule 15(a)(2)).[3]

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause means that the moving party must "'show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Gerald*, 849 F.Supp.2d at 1210 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006)). For example, the discovery of new facts or new developments in the law can constitute good cause to extend the deadline for amending pleadings. *Colorado Visionary Academy*, 194 F.R.D. at 688. Good cause, however, "'does not focus on the bad faith of the movant, or the prejudice to the opposing party.'" *Id*. at 687 (quoting *Dilmar Oil Co., Inc.*, 986 F.Supp. at 980). Moreover, "a motion to amend a pleading that is filed a short time after the deadline for the parties to amend their pleadings has passed does not necessarily lack diligence." *James v. Fenske*, 2012 WL 592855 *3 (D. Colo.) (unpublished decision) (delay of two or three months does not necessarily indicate a lack of diligence).

In this case, Judge Vidmar informed Plaintiff's counsel at the May 16, 2013 telephonic hearing that Plaintiff would have to show good cause in order for the Court extend the deadline for amending pleadings. Yet, when Plaintiff later filed her Motion to Amend on May 24, 2013, she did not cite to Rule 16(b)(4) nor did she address the good cause requirement under Rule 16(b)(4). Plaintiff's Motion to Amend does not provide any explanation why she waited over three months after the January 30, 2013 deadline to seek leave to file the Amended Complaint. Plaintiff also does not claim that she discovered new facts or that the state of the law has changed since January 30, 2013. In fact, Dr. Mirin and Mandy Berg were deposed prior to Plaintiff's

---

[3] The Court notes that the Tenth Circuit Court of Appeals has not explicitly held that Rule 16(b)(4) applies when a movant has filed a motion to amend pleadings after the scheduling order deadline for amending pleadings. *See Hooten v. Ikard Servi Gas*, ___ Fed. Appx.___, 2013 WL 1846840 *4 n.3 (10th Cir.) (slip copy).

January 30, 2013 deadline for amending the Complaint and for adding parties. *See* Ex. 1 (Doc. No. 74-1) (attached to NMPSC's Response) (Dr. Mirin was deposed on January 28, 2013); Ex. 2 (Doc. No. 74-2) (attached to NMPSC's Response) (Mandy Berg was deposed on January 7, 2103). In addition, NMSPC raised the issue of Rule 16(b)(4)'s good cause requirement in NMSPC's Response at 4-7. Plaintiff, however, did not reply to NMPSC's Response and, therefore, purposely chose not to take advantage of still another opportunity to demonstrate good cause. Plaintiff has simply failed to show good cause for having waited, at the earliest, until the May 16, 2013 telephonic scheduling conference with Judge Vidmar to seek to extend the deadline for amending the Complaint and for adding parties. Consequently, the Court will not extend Plaintiff's deadline under Rule 16(b)(4) for amending the Complaint and for adding parties. Plaintiff's Motion to Amend is, therefore, untimely and will be denied for that reason.

    IT IS ORDERED that Plaintiff's Motion to Amend (Doc. No. 72) is denied.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE